```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
MERLE GIBBS,                                                      :
                                                                  :
                          Plaintiff,                              :
                                                                  :
         v.                                                       :
                                                                  :      MEMORANDUM & ORDER
CITY OF NEW YORK,                                                 :
POLICE OFFICER JENNIFER MUGFORD, and                              :      06 Civ. 13534 (LBS)
SERGEANT CHRISTOPHER JOHNSON,                                     :
                                                                  :
                          Defendants.                             :
                                                                  :
------------------------------------------------------------------x
```

SAND, J.

   Plaintiff has brought a civil rights action under 42 U.S.C. § 1983 alleging false arrest, unlawful retaliation, excessive force, assault, battery, fabricated evidence, and malicious prosecution. Plaintiff is suing the individual officers as well as the City under the theory of municipal liability set forth in Monell v. Department of Social Services, 436 U.S. 658 (1978). Plaintiff has requested production of all Civilian Complaint Review Board (CCRB) records, Internal Affairs Bureau (IAB) records, and internal NYPD disciplinary records concerning the two individual defendant police officers that involve allegations of false arrest, false imprisonment, retaliation, malicious prosecution, abuse of authority, excessive force, assault, battery, fabrication of evidence, false swearing, false testimony, and dishonesty. Defendants have indicated their willingness to produce only records concerning substantiated complaints that are similar in nature to allegations in the complaint and which were made in the past ten years.[1]

---

[1] Defendants' position appears to be inspired by Local Rule 33.2 Instruction 4, which provides that in *pro se* prisoner litigation, only disciplinary matters of a similar nature that *have resulted in discipline* within the past ten

1

Defendants argue that complaints of misconduct are discoverable only if they are similar in nature to the conduct alleged in the complaint *and* resulted in discipline. This view is unsupported by the caselaw. The cases cited by defendants support only the proposition that complaints that are neither similar nor substantiated are not discoverable, but allow discovery of similar, even if unsubstantiated complaints. In Fountain v. City of New York, Judge Sweet held that the fact that CCRB complaints are unsubstantiated does not make them irrelevant and undiscoverable, but if the allegations before the CCRB are wholly unrelated to the actions alleged in the complaint, their relevance is too tenuous to allow discovery. 2004 U.S. Dist. LEXIS 7539 at *3-8 (S.D.N.Y. May 5, 2004), clarified by Fountain v. City of New York, 2004 U.S. Dist. LEXIS 12278 (S.D.N.Y. July 2, 2004).

Plaintiffs are presumptively entitled to discovery of documents on prior complaints and police histories of individual defendants because it could yield relevant information. King v. Conde, 121 F.R.D. 180, 198 (E.D.N.Y. 1988); Hurley v. Keenan, 1984 U.S. Dist. LEXIS 16888, at *8 (S.D.N.Y. 1984) ("[A]ny proceeding—whether administrative, civil or criminal—in which one of the defendants was *charged with or investigated for* possible abuses *of the type alleged* by plaintiff could yield relevant information") (emphasis added). That the prejudicial effect of unsubstantiated complaints might outweigh their probative value is something to be addressed when considering their admissibility as evidence, not their discoverability. See Reyes v. City of New York, 2000 U.S. Dist. LEXIS 15078 at *4-5 (S.D.N.Y. Oct. 16, 2000). Privacy concerns can be alleviated by an appropriate protective order and the redaction of personal information

---

years are discoverable. Courts in this district have rejected the contention that courts should look to this rule for all discovery disputes dealing with police records. Fountain v. City of New York, 2004 U.S. Dist. LEXIS 7539 at *3-5 (S.D.N.Y. May 5, 2004). Local Rule 33.2 applies only to *pro se* cases and "is not appropriate for cases where the plaintiff or plaintiffs are represented by counsel and no longer detained by police or prison authorities." Id. at *5.

(like the officers' addresses and social security numbers) from the reports.  See Smith v. Goord, 222 F.R.D. 238, 242 (N.D.N.Y. 2004).

Defendants have suggested that the Court review the documents *in camera* before deciding whether to order their production.  While courts have occasionally taken this approach, see, e.g., Thompson v. City of New York, 2006 U.S. Dist. LEXIS 4797 (S.D.N.Y. Feb. 7, 2006), in *camera review* should not be routinely conducted because it places a substantial burden on the Court and "is no substitute to full disclosure to, and review of the disputed materials by, a litigant's counsel, who is best positioned to know the party's strategy and assess the relevance *vel non* of the information contained within the disputed materials."  Smith, 222 F.R.D. at 242. Defendants in this case have not shown why *in camera* review would be a superior option to disclosure under a protective order.

Though they mention privilege in a footnote in their letter, defendants have not made the requisite showing under King v. Conde to block the discovery request on grounds of privilege. See Fountain, U.S. Dist. LEXIS 7539 at *9-10 ("The procedure laid out in King requires that police specify which document or class of documents are privileged and for what reasons in the form of a declaration or affidavit.") (internal quotation marks and citations omitted).

Accordingly, unless they make a sufficient showing under King v. Conde within two weeks that the materials are protected by privilege, defendants are directed to produce to the plaintiff all CCRB, IAB, and NYPD disciplinary records dealing with the individual defendants that involve allegations similar in nature to the actions alleged in the complaint, regardless of the age of such records and regardless of whether they are substantiated or unsubstantiated.  This production shall be made within sixty days and shall be conditioned on the execution of an

appropriate protective order to govern the confidentiality and/or redaction of sensitive personal information.

**SO ORDERED.**

Dated:  May 30, 2007
        New York, NY

_____
U.S.D.J.